# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC. and GPS IT, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 08-cv-4028 |
| | ) | Hon. Virginia M. Kendall |
| v. | ) | |
| | ) | |
| PROLINK SOLUTIONS, LLC, PROLINK HOLDING | ) | JURY TRIAL DEMANDED |
| CORPORATION, LINKSCORP, INC., AND ABC | ) | |
| NATIONAL TELEVISION SALES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

---

## LINKSCORP LLC'S[1/] ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY

---

Defendant LinksCorp LLC ("LinksCorp"), by and through its attorneys Katten Muchin Rosenman LLP, hereby submits its Answer, Affirmative Defenses and Counterclaim to GPS Industries, Inc.'s and GPS IT, LLC's (collectively, "Plaintiffs") Complaint, and states as follows:

### THE PARTIES

1.    GPSI is a corporation incorporated under the laws of the State of Nevada with its principal place of business at 6554 176th Street, Unit 103, Surrey, British Columbia V3S 4G5, Canada. GPSI manufactures and sells GPS based golf course distance measurement and course management products.

**Answer:**    LinksCorp has insufficient knowledge to admit or deny the allegations of paragraph 1, and, therefore, denies the same.

2.    GPSIT is a limited liability company incorporated under the laws of the State of Nevada with its principal place of business at 6554 176th Street,

---

[1/]    Plaintiffs' Complaint identifies "LinksCorp, Inc." as a defendant. LinksCorp, Inc., however, is no longer in existence. Instead, "LinksCorp LLC" is the proper party in this action. LinksCorp LLC will work with Plaintiffs to correct this error.

Unit 103, Surrey, British Columbia V3S 4G5, Canada. GPSIT is a wholly owned subsidiary of GPSI.

**Answer:**    LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 2, and, therefore, denies the same.

3.    Upon information and belief, ProLink Solutions is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business at 410 S. Benson Lane, Chandler, Arizona 85224. ProLink Solutions competes with GPSI in the sale of GPS based golf course distance measurement and course management products. ProLink Solutions conducts business in Illinois and in this District including, without limitation, extensive business dealings with several golf courses located in Illinois and in this District as further alleged in paragraphs 12 and 18 below.

**Answer:**    LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 3, and, therefore, denies the same.

4.    Upon information and belief, ProLink Holdings is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 410 S. Benson Lane, Chandler, Arizona 85224. Upon information and belief, ProLink Holdings is the sole owner of ProLink Solutions and conducts business in Illinois and in this District including, without limitation, extensive business dealings with several golf courses located in Illinois and in this District as further alleged in paragraphs 12 and 18 below.

**Answer:**    LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 4, and, therefore, denies the same.

5.    Upon information and belief, LinksCorp is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2801 Lakeside Drive, Suite 207, Bannockburn, Illinois 60015. Upon information and belief, LinksCorp has in the past and continues to own, market and manage golf courses throughout the United States and conducts business in Illinois and in this District.

**Answer:**    LinksCorp admits the allegations of the first sentence of paragraph 5.

LinksCorp admits that it has in the past and continues to own, market and manage golf

courses located in the United States.  LinksCorp admits that its day-to-day business is

2

conducted outside of the State of Illinois.  LinksCorp denies all other factual allegations

of the second sentence of paragraph 5 not specifically admitted herein.

> 6.     Upon information and belief, ABC is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 77 W. 66th Street, New York, NY 10023. Upon information and belief, ABC is a national media and marketing sales organization and conducts business in Illinois and in this District.

**Answer:**     LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 6, and, therefore, denies the same.

## JURISDICTION AND VENUE

> 7.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §271 et seq. This is also an action for slander of title and unfair competition. This Court has subject matter jurisdiction over the patent infringement counts pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has subject matter jurisdiction over the slander of title and unfair competition counts pursuant to 28 U.S.C. §§1338(b) and 1367(a).

**Answer:**     Admitted.

> 8.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, resides in, have regular and established places of business in, and/or have committed acts of infringement in this District.

**Answer:**     LinksCorp admits that it is subject to personal jurisdiction in this District.

LinksCorp admits that it resides in and has a regular and established place of business in

this District.  LinksCorp denies that has committed acts of infringement in this District.

LinksCorp denies that venue is proper in this District because U.S. Patent No. 5,685,786

("the '786 patent") is subject to litigation between Plaintiff GPS Industries, Inc. and co-

defendants ProLink Solutions, LLC and ProLink Holding Corporation in the United

States District Court for the District of Arizona (*ProLink Holding Corporation et al. v.*

*GPS Industries, Inc. et al.*, Civil Action No. 07-2128 PHX MHM).  LinksCorp denies all other allegations of paragraph 8 not specifically admitted herein.

<h2 style="text-align:center;"><u>GENERAL ALLEGATIONS</u></h2>

     9.     On November 11, 1997, U.S. Patent No. 5,685,786 ("the '786 patent") entitled, "PASSIVE GOLF INFORMATION SYSTEM AND METHOD" was duly and legally issued to Douglas P. Dudley on an application filed on May 24, 1995. GPSIT currently owns the '786 patent. A copy of the '786 patent is appended as Exhibit A.

**<u>Answer:</u>**     LinksCorp admits the allegations of the first sentence of paragraph 9. LinksCorp has insufficient knowledge to admit or deny the allegations of the second sentence of paragraph 9, and, therefore, denies the same.  LinksCorp admits that what purports to be a copy of United States Patent No. 5,685,786 ("the '786 patent") is attached as Exhibit A to the Complaint.  All other allegations, if any, of paragraph 9 are denied.

     10.     On August 1, 1995, U.S. Patent No. 5,438,518 ("the '518 patent") entitled, "PLAYER POSITIONING AND DISTANCE FINDING SYSTEM" was duly and legally issued to Joseph A. Bianco, Curtis A. Vock, and John V. Bianco on an application filed on January 19, 1994. GPSI currently owns the '518 patent. A copy of the '518 patent is appended as Exhibit B.

**<u>Answer:</u>**     LinksCorp admits the allegations of the first sentence of paragraph 10. LinksCorp has insufficient knowledge to admit or deny the allegations of the second sentence of paragraph 10, and, therefore, denies the same.  LinksCorp admits that what purports to be a copy of United States Patent No. 5,438,518 ("the '518 patent") is attached as Exhibit B to the Complaint.  All other allegations, if any, of paragraph 10 are denied.

<h2 style="text-align:center;"><u>FIRST CAUSE OF ACTION – INFRINGEMENT OF '786 PATENT</u></h2>

     11.     Plaintiffs hereby repeat and re-allege each of the allegations contained in paragraphs 1 to 10, as if fully set forth herein.

4

**Answer:**      LinksCorp hereby repeats and reasserts the answers contained in

paragraphs 1-10 as if fully set forth herein.

12.      The ProLink Defendants, by themselves, and through their subsidiaries, affiliates, and agents have been, and are, infringing the '786 patent by making, using, leasing, offering to sell, and/or selling devices incorporating the inventions patented in the '786 patent within the United States and within this District; and by contributing to the infringement by others and by inducing others to infringe the '786 patent. Upon information and belief, Defendants' acts of infringement in Illinois include but are not limited to making, using, leasing, supporting, offering to sell, and/or selling infringing devices installed and used in the following golf courses in this District: Far Oaks Golf Club, Caseyville, IL; Highlands of Elgin, Elgin, IL; Fox Lake Country Club, Fox Lake, IL; The Glen Club, Glenview, IL; Poplar Creek, Hoffman Estates, IL; Whisper Creek, Huntley, IL; Marriott Crane's Landing, Lincolnshire, IL; Big Run, Lockport, IL; Steeple Chase Golf Club, Mundelein, IL; The Rail, Springfield, IL; Odyssey Country Club, Tinley Park, IL; RedTail Golf Club, Village of Lakewood, IL; Prairie Landing, West Chicago, IL; Chevy Chase, Wheeling, IL; and Water's Edge Golf Club, Worth, IL. Unless enjoined by the Court, the ProLink Defendants will continue to infringe, contribute to the infringement of and/or induce the infringement of the '786 patent.

**Answer:**      LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 12, and, therefore, denies the same.

13.      LinksCorp, by itself, and through its subsidiaries, affiliates, and agents has been, and is, infringing the '786 patent by making, using, leasing, offering to sell, and/or selling infringing devices supplied by the ProLink Defendants within the United States and within this District; and by inducing others to infringe the '786 patent. Unless enjoined by the Court, LinksCorp will continue to infringe and/or induce the infringement of the '786 patent.

**Answer:**      Denied.

14.      ABC, by itself, and through its subsidiaries, affiliates, and agents has been, and is, infringing the '786 patent by inducing others to directly infringe the '786 patent. ABC's acts of inducement include, without limitation, promoting infringing devices supplied by the ProLink Defendants, enabling and facilitating advertisers to provide advertising content for display on such devices and otherwise encouraging advertisers, golf course operators and others to implement and use such devices in ways that infringe one or more claims of the '786 patents within the United States and within this District. Unless enjoined by the Court, ABC will continue to induce the infringement of the '786 patent.

**Answer:**       LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 14, and, therefore, denies the same.

     15.    Each Defendant's infringement and/or inducement to infringe the '786
patent has injured Plaintiffs, and Plaintiffs are entitled to recover damages
adequate to compensate for such infringement pursuant to 35 U.S.C. §284.

**Answer:**       As these allegations relate to LinksCorp, denied.  As these allegations

relate to the other named defendants, LinksCorp has insufficient knowledge to admit or

deny the allegations of paragraph 15, and, therefore, denies the same.

     16.    Each of the Defendants' infringement and/or inducement to infringe the
'786 patent has been willful and deliberate, and will continue to injure Plaintiffs
unless the Court enters an injunction prohibiting further infringement of the '786
patent.

**Answer:**       As these allegations relate to LinksCorp, denied.  As these allegations

relate to the other named defendants, LinksCorp has insufficient knowledge to admit or

deny the allegations of paragraph 16, and, therefore, denies the same.

### SECOND CAUSE OF ACTION – INFRINGEMENT OF '518 PATENT

     17.    GPSI hereby repeats and re-alleges each of the allegations contained in
paragraphs 1 to 10, as if fully set forth herein.

**Answer:**       LinksCorp hereby repeats and reasserts the answers contained in

paragraphs 1-10 as if fully set forth herein.

     18.    The ProLink Defendants, by themselves, and through their subsidiaries,
affiliates, and agents have been, and are, infringing the '518 patent by making,
using, leasing, offering to sell, and/or selling devices incorporating the inventions
patented in the '518 patent within the United States and within this District; and
by contributing to the infringement by others and by inducing others to infringe
the '518 patent. Upon information and belief, Defendants' acts of infringement in
Illinois include but are not limited to making, using, leasing, supporting, offering
to sell, and/or selling infringing devices installed and used in the following golf
courses in this District: Far Oaks Golf Club, Caseyville, IL; Highlands of Elgin,
Elgin, IL; Fox Lake Country Club, Fox Lake, IL; The Glen Club, Glenview, IL;
Poplar Creek, Hoffman Estates, IL; Whisper Creek, Huntley, IL; Marriott Crane's

Landing, Lincolnshire, IL; Big Run, Lockport, IL; Steeple Chase Golf Club, Mundelein, IL; The Rail, Springfield, IL; Odyssey Country Club, Tinley Park, IL; RedTail Golf Club, Village of Lakewood, IL; Prairie Landing, West Chicago, IL; Chevy Chase, Wheeling, IL; and Water's Edge Golf Club, Worth, IL. Unless enjoined by the Court, the ProLink Defendants will continue to infringe and/or induce the infringement of the '518 patent.

**Answer:**    LinksCorp has insufficient knowledge to admit or deny the allegations of

paragraph 18, and, therefore, denies the same.

19.    LinksCorp, by itself, and through its subsidiaries, affiliates, and agents has been, and is, infringing the '518 patent by making, using, leasing, supporting, offering to sell, and/or selling infringing devices supplied by the ProLink Defendants within the United States and within this District; and by inducing others to infringe the '518 patent. Unless enjoined by the Court, LinksCorp will continue to infringe and/or induce the infringement of the '518 patent.

**Answer:**    Denied.

20.    The infringements by the ProLink Defendants and LinksCorp of the '518 patent have injured GPSI, and GPSI is entitled to recover damages adequate to compensate it for such infringement pursuant to 35 U.S.C. §284.

**Answer:**    As these allegations relate to LinksCorp, denied.  As these allegations

relate to the ProLink Defendants, LinksCorp has insufficient knowledge to admit or deny

the allegations of paragraph 20, and, therefore, denies the same.

21.    Each of the ProLink Defendants' and LinksCorp's infringement of the '518 patent has been willful and deliberate, and will continue to injure GPSI unless the Court enters an injunction prohibiting further infringement of the '518 patent.

**Answer:**    As these allegations relate to LinksCorp, denied.  As these allegations

relate to the ProLink Defendants, LinksCorp has insufficient knowledge to admit or deny

the allegations of paragraph 21, and, therefore, denies the same.

## THIRD CAUSE OF ACTION – SLANDER OF TITLE

22.    GPSI hereby repeats and re-alleges each of the allegations contained in paragraphs 1 to 10, as if fully set forth herein.

**Answer:**       Paragraph 22 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.  To the extent a response is required, LinksCorp hereby repeats and reasserts the answers contained in paragraphs 1-10 as if fully set forth herein.

23.    On or about June 30, 2006, Defendant ProLink Solutions entered into an Intellectual Property Security Agreement with Comerica Bank of Phoenix, Arizona in relation to a Loan and Security Agreement by and among ProLink Solutions, ProLink Holdings and Comerica Bank.

**Answer:**       Paragraph 23 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

24.    The Intellectual Property Security Agreement represented that ProLink Solutions owned an exclusive license in perpetuity under the '518 patent obtained from a third party ParView.

**Answer:**       Paragraph 24 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

25.    The Intellectual Property Security Agreement purported to assign a security interest to Comerica Bank in ProLink Solutions' alleged license under the '518 patent.

**Answer:**       Paragraph 25 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

26.    The ProLink Defendants knew or should have known that the Intellectual Property Security Agreement would be recorded by Comerica Bank against the chain of title of the '518 patent in the public records of the United States Patent and Trademark Office and thereby encumber GPSI's title to the '518 patent.

**Answer:**       Paragraph 26 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

27.    The Intellectual Property Security Agreement was in fact so recorded by Comerica Bank. A copy of the recorded Intellectual Property Security Agreement is attached as Exhibit C.

**Answer:**        Paragraph 27 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

       28.        On information and belief, ParView owned a limited license under the '518 patent prior to its eventual dissolution in bankruptcy.

**Answer:**        Paragraph 28 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

       29.        On information and belief, the ProLink Defendants claim to have obtained rights in the '518 patent from ParView in connection with an attempted merger with ParView and/or in connection with the subsequent acquisition by the ProLink Defendants of certain assets from the bankruptcy estate of ProLink.

**Answer:**        Paragraph 29 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

       30.        Neither of the ProLink Defendants obtained a valid license under the '518 patent from ParView or through purchase of assets from the ParView bankruptcy estate.

**Answer:**        Paragraph 30 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

       31.        Neither ProLink Solutions nor ProLink Holdings owns or has ever owned any valid license rights under the '518 patent.

**Answer:**        Paragraph 31 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

       32.        The representation of license rights under the '518 patent contained in the Intellectual Property Security Agreement with Comerica Bank is false and, on information and belief, was made by the ProLink Defendants with knowledge that the representation is false and that the ProLink Defendants did not and do not own a license under the '518 patent.

**Answer:**        Paragraph 32 of Count III is not asserted against LinksCorp.  Accordingly,

no response is required.

33.    On or about August 17, 2007, Defendants ProLink Solutions and ProLink Holdings entered into a further Intellectual Property Security Agreement with Calliope Capital Corporation.

**Answer:**    Paragraph 33 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

34.    The August 17, 2007 Security Agreement represented that ProLink Solutions is the owner of the '518 patent and purported to assign a security interest in the '518 patent to Calliope Capital Corp.

**Answer:**    Paragraph 34 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

35.    The ProLink Defendants knew or should have known that this additional Intellectual Property Security Agreement would be recorded by Calliope Capital Corp. against the chain of title of the '518 patent in the public records of the United States Patent and Trademark Office and thereby encumber GPSI's title to the '518 patent.

**Answer:**    Paragraph 35 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

36.    The August 17, 2007 Security Agreement was in fact so recorded by Calliope Capital Corp. A copy of the recorded August 17, 2007 Intellectual Property Security Agreement is attached as Exhibit D.

**Answer:**    Paragraph 36 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

37.    Neither ProLink Solutions nor ProLink Holdings owns or has ever owned the '518 patent or any rights in the '518 patent.

**Answer:**    Paragraph 37 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

38.    The representation made by the ProLink Defendants in the August 17, 2007 Intellectual Property Security Agreement that ProLink Solutions owns the '518 patent is false and, on information and belief, was made by the ProLink Defendants with knowledge that the representation is false and that the ProLink Defendants did not and do not own the '518 patent or any rights therein.

**Answer:**    Paragraph 38 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

39.    Upon information and belief, the ProLink Defendants have continued to make false claims of license rights and/or ownership interests in the '518 patent to investors and to others within the golf industry, and have granted security interests in the '518 patent to others.

**Answer:**    Paragraph 39 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

40.    By the above alleged acts, the ProLink Defendants have slandered GPSI's title to the '518 patent, and have injured and caused damages to GPSI.

**Answer:**    Paragraph 40 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

41.    The ProLink Defendants will continue to injure and cause damages to GPSI unless the Court enters an injunction prohibiting the ProLink Defendants from making further false claims to rights under the '518 patent and from making further false assignments of rights in the '518 patent to others, and ordering the ProLink Defendants to take steps necessary to remove the encumbrances they caused to be placed on GPSI's title to the '518 patent.

**Answer:**    Paragraph 41 of Count III is not asserted against LinksCorp.  Accordingly, no response is required.

## FOURTH CAUSE OF ACTION – UNFAIR COMPETITION

42.    GPSI hereby repeats and re-alleges each of the allegations contained in paragraphs 1 to 10 and 22-39, as if fully set forth herein.

**Answer:**    Paragraph 42 of Count IV is not asserted against LinksCorp.  Accordingly, no response is required.  To the extent a response is required, LinksCorp hereby repeats and reasserts the answers contained in paragraphs 1-10 and 22-39 as if fully set forth herein.

43.    The ProLink Defendants' actions with respect to making false claims of rights and grants of security interests in the '518 patent constitute unfair competition and have injured and caused damages to GPSI.

**Answer:**    Paragraph 43 of Count IV is not asserted against LinksCorp.  Accordingly, no response is required.

44.    The ProLink Defendants will continue to injure and cause damages to GPSI unless the Court enters an injunction prohibiting the ProLink Defendants from making further false claims to rights under the '518 patent and from making further false assignments of rights in the '518 patent to others, and ordering the ProLink Defendants to take steps necessary to remove the encumbrances they caused to place on GPSI's title to the '518 patent.

**Answer:**    Paragraph 44 of Count IV is not asserted against LinksCorp.  Accordingly, no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

45.    LinksCorp has not infringed any claim of the '786 patent or the '518 patent.

### Second Affirmative Defense

46.    One or more claims of the '786 patent and the '518 patent are invalid because they fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

47.    LinksCorp is informed and believes and thereon alleges that the '786 patent and the '518 patent are unenforceable due to the applicants' failure to cite: (1) U.S. Patent Application Serial No. 08/858,816 during prosecution of the application for the '786 patent, and (2) U.S. Patent No. 4,072,944 during prosecution of the application for the '518 patent.

12

48.     LinksCorp is informed and believes that the '786 patent and '518 patent are unenforceable because Plaintiffs and/or others substantively involved with the prosecution of the '786 patent and '518 patent and/or related applications acted inequitably in prosecuting them before the United States Patent and Trademark Office ("PTO").  The acts, omissions, and misrepresentations constituting inequitable conduct included failure to disclose material prior art and material information in connection with the prosecution of the '786 patent and '518 patent, in violation of the duty to prosecute patent applications in the PTO with candor, good faith, and honesty. 37 C.F.R. § 1.56.

49.     LinksCorp is informed and believes that U.S. Patent Application Serial No. 08/858,816 ("the '816 application") is material under 37 C.F.R. § 1.56 to one or more claims of the '786 patent.

50.     LinksCorp is informed and believes that the failure to disclose the '816 application to the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '786 patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '786 patent.

51.     LinksCorp is informed and believes that U.S. Patent No. 4,072,944  ("the '944 patent") is material under 37 C.F.R. § 1.56 to one or more claims of the '518 patent.

52.     LinksCorp is informed and believes that the failure to disclose the '944 patent to the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '518 patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '518 patent.

Fourth Affirmative Defense

53.    If Plaintiffs have sustained any damages, which LinksCorp denies,

Plaintiffs have not mitigated their damages.

Fifth Affirmative Defense

54.    Plaintiffs' claim for relief against LinksCorp is barred by the doctrine of

laches.

Sixth Affirmative Defense

55.    The Complaint fails to state a claim upon which relief can be granted.

**COUNTERCLAIMS**

LinksCorp asserts the following counterclaims against Plaintiffs:

The Parties

56.    Counterclaimant LinksCorp LLC ("LinksCorp") is a Delaware corporation

having a principal place of business at 2801 Lakeside Drive, Suite 207, Bannockburn,

Illinois 60015.

57.    Upon information and belief, Counterclaim-Defendant GPS Industries,

Inc. is a Nevada corporation having a principal place of business at 6554 176th Street,

Unit 103, Surrey, British Columbia V3S 4G5 Canada.

58.    Upon information and belief, Counterclaim-Defendant GPS IT, LLC is a

Nevada corporation having a principal place of business at 6554 176th Street, Unit 103,

Surrey, British Columbia V3S 4G5 Canada.

Jurisdiction and Venue

59.    LinksCorp repeats and reasserts the allegations of paragraphs 56-58 as if

fully set forth herein.

60.     These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United Sates Code and under the provisions of the Federal Declaratory Judgment Act.  The Court's jurisdiction over these counterclaims is proper pursuant to 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338 and 2201-02.

61.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

<u>First Counterclaim - Declaratory Judgment of Non-Infringement</u>

62.     LinksCorp repeats and reasserts the allegations of paragraphs 56-61 as if fully set forth herein.

63.     GPS Industries, Inc. and GPS IT, LLC (collectively, "Counterclaim-Defendants") allege that LinksCorp has infringed and/or is infringing the '518 patent. LinksCorp denies that it infringes and/or has infringed any claim of the '518 patent. Therefore, a real and immediate justiciable controversy exists between the parties.

64.     LinksCorp is not infringing, and has not infringed, the '518 patent and LinksCorp is entitled to a declaratory judgment to that effect.

<u>Second Counterclaim - Declaratory Judgment of Invalidity</u>

65.     LinksCorp repeats and reasserts the allegations of paragraphs 56-64 as if fully set forth herein.

66.     Counterclaim-Defendants allege that the '518 patent was duly and legally issued and that the claims thereof are valid.  LinksCorp denies that the '518 patent was duly and legally issued and that the claims thereof are valid.  Therefore, a real and immediate justiciable controversy exists between the parties.

67.　　The '518 patent was not duly and legally issued and the claims thereof are not valid and LinksCorp is entitled to a declaratory judgment to that effect.

Third Counterclaim - Declaratory Judgment of Unenforceability

68.　　LinksCorp repeats and reasserts the allegations of paragraphs 56-67 as if fully set forth herein.

69.　　LinksCorp is informed and believes that the '518 patent is unenforceable because Counterclaim-Defendants and/or others substantively involved with the prosecution of the '518 patent and/or related applications acted inequitably in prosecuting them before the United States Patent and Trademark Office ("PTO").  The acts, omissions, and misrepresentations constituting inequitable conduct included failure to disclose material prior art and material information in connection with the prosecution of the '518 patent, in violation of the duty to prosecute patent applications in the PTO with candor, good faith, and honesty. 37 C.F.R. § 1.56.

70.　　LinksCorp is informed and believes that U.S. Patent No. 4,072,944  ("the '944 patent") is material under 37 C.F.R. § 1.56 to one or more claims of the '518 patent.

71.　　LinksCorp is informed and believes that the failure to disclose the '944 patent to the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '518 patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '518 patent.

72.　　As Counterclaim-Defendants have attempted to enforce the '518 patent, a real and immediate justiciable controversy exists between the parties.

73.　　The '518 patent is not enforceable and LinksCorp is entitled to a declaratory judgment to that effect.

## PRAYER FOR RELIEF

WHEREFORE LinksCorp requests that the Court:

A.      enter judgment in favor of LinksCorp on Counts I and II of the Complaint;

B.      declare that LinksCorp has not infringed the '518 patent;

C.      declare that the claims of the '518 patent are not valid;

D.      declare that the '518 patent is not enforceable;

E.      enter judgment in favor of LinksCorp on all counts of the counterclaims;

F.      find that this case is exceptional pursuant to 35 U.S.C. § 285 and award

LinksCorp its reasonable attorneys' fees and expenses incurred herein, and

G.      award LinksCorp such other and further relief as the Court may deem just

and proper.

## JURY DEMAND

LinksCorp hereby demands a trial by jury of all issues so triable.

Dated:  September 5, 2008               __/s/ Michael A. Dorfman_____
                                        Timothy J. Vezeau (IL Bar No. 2899612)
                                        Michael A. Dorfman (IL Bar No. 6255860)
                                        Breighanne A. Eggert (IL Bar No. 6289475)
                                        KATTEN MUCHIN ROSENMAN LLP
                                        525 W. Monroe Street
                                        Chicago, Illinois 60601
                                        Telephone:  312-902-5200
                                        Facsimile:  312-902-1061

                                        *Attorneys for LinksCorp LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record in this case, hereby certifies that a copy of the foregoing

**Defendant LinksCorp LLC's Answer, Affirmative Defenses, Counterclaims and Demand**

**for Jury** has been served by ECF notification, this 5th day of September, 2008, upon the

attorneys, addressed as follows:

| | |
|---|---|
| Timothy P. Maloney<br>Steven C. Schroer<br>Ted S. Li<br>**Fitch, Eve, Tabin & Flannery**<br>120 South LaSalle Street<br>Suite 1600<br>Chicago, IL 60603<br>tpmalo@fitcheven.com<br>scschr@fitcheven.com<br>tli@fitcheven.com | Annette Michele McGarry<br>Marianne C. Holzhall<br>**McGarry & McGarry, LLC**<br>120 North LaSalle, #1100<br>Chicago, IL 60602<br>amm@mcgarryllc.com<br>mch@mcgarryllc.com |

September 5, 2008                                    /s/ Michael A. Dorfman_____
                                                          Michael A. Dorfman