# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4028 | **DATE** | February 25, 2009 |
| **CASE TITLE** | GPS INDUSTRIES INC et al vs. PRO LINK SOLUTIONS et al | | |

**DOCKET ENTRY TEXT**

The order entered 2/25/2009 [doc#88] having been entered in error is stricken. Defendants' Motion to Stay is granted and GPS's condition cross-motion to dismiss is granted in part and denied in part. This Court orders that ProLink and GPS enter into an appropriate stipulation so that ProLink will not be able to reargue the validity of the 518 patent and the 786 patent based upon the arguments made by ProLink in the PTO's reexaminations. Status hearing date of 2/26/2009 is stricken.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant ProLink Solutions, LLC and ProLink Holdings Corp. (collectively "ProLink") filed a motion to stay proceedings in this case pending reexamination of the patents-in-suit ("the 518 patent" and "the 786 patent") by the United States Patent and Trademark Office ("PTO"). Defendant LinksCorp, LLC[1] ("Linkscorp") joined in ProLink's motion.[2] In response, Plaintiffs GPS Industries, Inc. and GPS IT, LLC (collectively, "GPS") filed a consolidated memorandum opposing Defendants' motion to stay and asking this Court, should it be inclined to grant Defendants' motion, to alternatively: 1) dismiss Defendants' affirmative defenses and counterclaims alleging patent invalidity and allow its patent infringement claims and its state law claims regarding the 518 patent to proceed, or 2) condition a stay on Defendants' adherence to the results of the PTO's reexaminations of the patents. For the reasons stated, Defendants' motion to stay is granted and GPS's conditional cross-motion to dismiss[3] is granted in part and denied in part.

A district court's power to manage its docket includes the ability to stay proceedings in an infringement suit pending the conclusion of the PTO's reexamination of the patents-in-suit. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). As the Federal Circuit has explained, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings). *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). In deciding whether to stay litigation pending reexamination, courts consider the following factors: 1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, 2) whether a stay will simplify the issues in question and streamline the trial, and 3) whether a stay will reduce the burden of litigation on the parties and on the court. *See e.g., Arrivalstar S.S. v. Canadian National Railway Company, CSX Corp.*, No. 08 C 1086 2008 WL 2940807 at *2 (N.D. Ill. July 25, 2008) (Dow, J.). If a substantial issue of patentability is raised in the reexamination matter, a stay is a viable mechanism to prevent wasted effort. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed.Cir. 2008).

**STATEMENT**

Here, considering the factors outlined above, a stay in this case pending the conclusion of the PTO's reexamination of the patents-in-suit is appropriate. The PTO has granted Defendants' requests to reexamine both the 518 patent and the 786 patent finding that substantial new questions of patentability exist with respect to each patent. *See* ProLink's Supplemental Brs. and Exs.[D.E. 81 & 83].[4] Given the PTO's decision to reexamine all of the patents-in-suit, GPS will not be *unduly* prejudiced by a stay. Additionally, the litigation in this case is in its infancy; no discovery has taken place and the parties have not filed any substantive motions. *See e.g., Tap Pharmaceutical Products, Inc., v. Atrix Laboratories, Inc.*, No. 03 C 7822 2004 WL 422697 at *1 (N.D. Ill. March 3, 2004) (Zagel, J.) (finding no prejudice to the plaintiffs in staying a case pending reexamination by the PTO where the case had not progressed beyond the initial pleadings); *Global Patent Holdings v. Green Bay Packers Inc.*, No. 00 C 4623 2008 WL 1848142 at *5 (N.D. Ill. April 23, 2008) (Kocoras, J.) (granting stay where "[n]o discovery has been conducted and little judicial effort has been expended").

The validity or invalidity of the 518 patent and the 786 patent and their underlying claims are at issue both in this court and in the reexamination. While the parties debate the likelihood of the PTO's reexamination invalidating or significantly altering the scope of the patents-in-suit, the September 30, 2008 *ex parte* reexamination filing data from the PTO shows that the PTO invalidates 13% of the patents it reexamines and amends the claims in 59%. Thus, there is a 72% chance that the patents at issue in this case will either be canceled or amended. While this Court is hesitant of relying too heavily on statistics compiled from unrelated litigation, these numbers suggest a realistic possibility that, if this litigation proceeds while the PTO is conducting a reexamination of the patents-in-suit, the parties and this Court will have expended substantial resources and countless hours on litigating a case that could be mooted by the PTO's decision. GPS argues that there is only a 1.2% chance that the PTO will invalidate all of the claims of both the 518 patent and the 786 patent, and therefore the decision of the PTO will not resolve this case. But, even if the PTO's decision leaves issues to be litigated, it will likely significantly narrow and limit the remaining issues. *See Sun-Flex Co., Inc. v. Softview Computer Products Corp.*, No. 89 C 296 1989 WL 117976 at *1 (N.D. Ill. Sept. 27, 1989) ("[e]ven if issues remain to be litigated after the reexaminations are completed, the cost and scope of the remaining litigation are likely to be substantially reduced."). Therefore, a stay in this case will further the interests of judicial economy and the conservation of the parties' resources.

GPS claims that the Defendants are seeking a stay simply for the sake of delay and are "attempting to use procedural devices to manipulate the cases before this Court and the PTO in an effort to prolong, rather than expedite, proceedings." GPS Br. [D.E. 74] at 9. Defendants, however, are entitled by law to request a reexamination of the patents at issue in this case. *See* 35 U.S.C. §§ 302-307. Additionally, the fact that the PTO granted the Defendants requests for reexamination indicates that the PTO deems it worthy of additional consideration. GPS also asserts that is will suffer harm from a stay because it will delay its opportunity to obtain an injunction against Defendants. The question of whether or not an injunction will issue in this case, however, will turn upon resolution of the patents' validity. Thus, any delay occasioned by that determination will occur regardless of the forum in which that issue is considered.

In addition to simply opposing Defendants' motion to stay, GPS filed a condition cross-motion to dismiss Defendants' patent invalidity claims and affirmative defenses. Specifically, GPS asserts that, should this Court be inclined to grant Defendants' motion to stay, it should instead dismiss Defendants' invalidity affirmative defenses and counterclaims and allow GPS's patent infringement and state law claims to go forward. GPS asserts that its patent infringement claims are legally independent from the Defendants' patent invalidity claims, and therefore this Court can and should allow its infringement claims to go forward while the PTO considers the claims relating to the validity of the patents. This Court, however, finds that the most logical approach is to first

**STATEMENT**

determine if the patents-in-suit are valid before this Court determines if they were infringed because the Defendants cannot possibly infringe an invalid patent. *See e.g., Weatherchem Corp. v. J.L. Clark Inc.*, 163 F.3d 1326, 1335 (Fed. Cir. 1998) (determination of invalidity is a complete defense to infringement claim).

In support of staying its state law claims, GPS relies on a handful of cases to demonstrate situations in which a court has stayed only the patent related claims but allowed the state law claims to proceed. The decision of whether or not to stay a case pending reexamination is very case specific, however, and the cases cited by GPS involve litigation in which so much of the case would move forward regardless of the stay or where discovery was almost complete and the case was set for trial. Neither of those situations are present here. GPS's Complaint has a total of four claims, two of which claim infringement of the 518 patent and the 786 patent. The remaining two claims are state law claims for slander and unfair competition both of which are predicated upon Defendant's actions with respect to the 518 patent, the very patent that is at issue in the PTO's reexamination.

Lastly, GPS asserts that if this Court grants a stay it should require ProLink to adhere to the results of the PTO reexaminations as a condition of the stay. In support of this contention, GPS asserts that ProLink "should not be allowed to have its cake and eat it too." GPS Br. [D.E. 74] at 14. Specifically, GPS asserts that because the reexaminations are *ex parte* ProLink will not be estopped from relitigating the validity of the 518 and 786 patents at trial. Here, a stay should be counterbalanced with an appropriate stipulation. Both ProLink and GPS have submitted a proposed stipulation; however, it is not this Court's responsibility to fashion the language of the stipulation for the parties when the parties have not even attempted to work together to do it themselves. Each side should work with each other to come up with an appropriate stipulation, and should negotiations break down completely they can then return to this Court to seek its assistance.

For the reasons stated, Defendants' Motion to Stay is granted and GPS's condition cross-motion to dismiss is granted in part and denied in part. This Court orders that ProLink and GPS enter into an appropriate stipulation so that ProLink will not be able to reargue the validity of the 518 patent and the 786 patent based upon the arguments made by ProLink in the PTO's reexaminations.

---

1. Plaintiffs' Complaint identifies "LinksCorp, Inc." as a defendant; however, LinksCorp, Inc. is no longer in existence, instead, "LinksCorp, LLC" is the proper party in this action. *See* LinksCorp's Br. [D.E. 80] Fn. 1.

2. LinksCorp filed a notice of joinder in ProLink's motion to stay. [D.E. 71]

3. GPS titles its requests as "Plaintiffs' Conditional Cross-Motion to Dismiss Patent Invalidity Claims Without Prejudice."

4. This Court notes with displeasure that ProLink submitted its supplemental briefs to notify the Court that the PTO had granted its requests for reexamination without leave of court. For the future, ProLink is reminded that it is not permitted to submit supplemental filings at its pleasure; it must follow this Court's procedures and seek leave of court to file additional briefs.