08:52:10

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


   GPS INDUSTRIES, INC. and           Case No. 1:08-cv-04028
   GPS IT, LLC,

      Plaintiffs                      Chicago, Illinois
                                      November 25, 2008
           v.                         Motion Hearing

   PROLINK SOLUTIONS, LLC, et al.,

      Defendants.
   -------------------------------

                   TRANSCRIPT OF MOTION HEARING
             BEFORE THE HONORABLE VIRGINIA M. KENDALL
                   UNITED STATES DISTRICT JUDGE


   APPEARANCES:


   For the Plaintiffs:   Fitch Even Tabin & Flannery
                         By:  Timothy P. Maloney
                         120 S. LaSalle St., Ste. 1600
                         Chicago, IL 60603
                         (312) 629-7932


   For the Defendant:    McGarry & McGarry, LLC
   ProLink Solutions     By:  Annette M. McGarry
                         120 N. LaSalle St., Ste. 1100
                         Chicago, IL 60602
                         (312) 345-4600
```

For a copy of this transcript, contact April Metzler, CRR
at (312) 408-5154

```
APPEARANCES (Cont'd):


For the Defendant:        Katten, Muchin, Rosenman, LLP
LinksCorp, Inc.           By:  Breighanne A. Eggert
                          525 W. Monroe St., Ste. 1600
                          Chicago, IL 60661
                          (312) 902-5200


Court Reporter:           April M. Metzler, RPR, CRR
                          219 South Dearborn St., Rm. 2318-A
                          Chicago, IL 60604
                          (312) 408-5154
                          April_Metzler@ilnd.uscourts.gov
```

Proceedings recorded by mechanical stenography; transcript produced by notereading.

For a copy of this transcript, contact April Metzler, CRR at (312) 408-5154

Case: 1:08-cv-04028 Document #: 111 Filed: 06/08/11 Page 3 of 14 PageID #:811

3


| | | |
|---|---|---|
| 09:03:06 | 1 | (Commenced at 9:03 a.m.) |
| 09:03:06 | 2 | THE CLERK: 08C4028, GPS Industries, et al. versus |
| 09:03:10 | 3 | ProLink Solutions, et al. |
| 09:03:14 | 4 | MS. McGARRY: Good morning, your Honor. Annette |
| 09:03:16 | 5 | McGarry on behalf of the ProLink defendants. |
| 09:03:19 | 6 | THE COURT: Good morning. |
| 09:03:19 | 7 | MS. EGGERT: Good morning, your Honor. Breighanne |
| 09:03:22 | 8 | Eggert on behalf of LinksCorp, also one of the defendants. |
| 09:03:23 | 9 | THE COURT: Good morning. |
| 09:03:23 | 10 | MR. MALONEY: Good morning, your Honor. Tim Maloney |
| 09:03:26 | 11 | on behalf of the plaintiffs, GPS Industries and GPS IT. |
| 09:03:28 | 12 | THE COURT: Good morning. |
| 09:03:28 | 13 | Does that mean we have everyone? |
| 09:03:30 | 14 | MS. McGARRY: I believe so. |
| 09:03:31 | 15 | THE COURT: Okay. Well, you folks sure know how to |
| 09:03:34 | 16 | file papers, huh? Have you done anything else except work on |
| 09:03:38 | 17 | this case for the last six weeks? |
| 09:03:42 | 18 | I am currently loaded with motions to stay from |
| 09:03:46 | 19 | different places, cross motions to dismiss, partial motions, |
| 09:03:52 | 20 | and stipulations. And in order to see the forest from the |
| 09:03:56 | 21 | trees, I don't even have them fully briefed until about a week |
| 09:03:59 | 22 | or so from now, right, a reply is due on the last one |
| 09:04:04 | 23 | December 2nd. |
| 09:04:05 | 24 | So there's no way that I can rule on one fully |
| 09:04:08 | 25 | briefed motion that's -- now the others are coming in fully |

| | | |
|---|---|---|
| 09:04:09 | 1 | briefed arguing a different stay.  So there's no ruling for |
| 09:04:11 | 2 | you.  Maybe if you would all slow down and let the Court do |
| 09:04:15 | 3 | its work ... |
| 09:04:16 | 4 | This is what I've got.  Let me make sure that I'm |
| 09:04:19 | 5 | here with all of you. |
| 09:04:20 | 6 | I've got the motion to stay that was filed by ProLink |
| 09:04:24 | 7 | on September 9th, and that's the one that is regarding the |
| 09:04:30 | 8 | District Court case in Arizona.  The first filed case in |
| 09:04:33 | 9 | Arizona was on the '786 patent, right? |
| 09:04:37 | 10 | MS. McGARRY:  Correct, your Honor. |
| 09:04:38 | 11 | THE COURT:  Okay.  So oral argument is scheduled for |
| 09:04:41 | 12 | that one next month, and that one I have fully briefed. |
| 09:04:45 | 13 | However, before I ruled on that, ProLink filed a |
| 09:04:48 | 14 | second motion to stay, and the second motion was filed just a |
| 09:04:53 | 15 | few weeks ago.  And this one now is regarding both '786 and |
| 09:04:59 | 16 | '518, and I set a briefing schedule on that, and I think I've |
| 09:05:04 | 17 | got your response but the reply isn't due until next week. |
| 09:05:09 | 18 | And then I have in response to the second motion, GPS |
| 09:05:16 | 19 | filed the conditional cross motion to dismiss -- right? |
| 09:05:17 | 20 | MR. MALONEY:  That's right, your Honor. |
| 09:05:18 | 21 | THE COURT:  (Continuing.) -- on November 20th, so |
| 09:05:20 | 22 | that's noticed up for today. |
| 09:05:21 | 23 | MR. MALONEY:  Yes. |
| 09:05:22 | 24 | THE COURT:  And GPS is asking me to deny the second |
| 09:05:25 | 25 | motion to stay.  But if I don't deny it, then I should dismiss |

```
09:05:30   1   the counterclaims, right?
09:05:31   2           MR. MALONEY:  If I could clarify that, your Honor?
09:05:33   3           THE COURT:  Okay.  Let me get through the procedural
09:05:35   4   history, and then we'll clarify it.
09:05:37   5           MR. MALONEY:  Yes.
09:05:37   6           THE COURT:  So then on top of all of that, on
09:05:40   7   November 11th, GPS ProLink, ABC, and Links filed the
09:05:47   8   stipulation regarding dismissal, right, stating that GPS is
09:05:50   9   dismissing its claim of patent infringement of the '786 on
09:05:52  10   Count 1 and that ABC is dismissing its counterclaim on the
09:05:56  11   '786; is that right?
09:05:57  12           MR. MALONEY:  That's correct, your Honor, limited to
09:05:59  13   ABC.
09:06:00  14           THE COURT:  Is what?
09:06:00  15           MR. MALONEY:  That dismissal is limited to ABC.
09:06:03  16   We've resolved our differences with ABC.
09:06:05  17           THE COURT:  Okay.  So who wants to enlighten me on
09:06:08  18   how I should proceed with all of this pile (indicating)?
09:06:10  19           MR. MALONEY:  Well, your Honor, if I could just
09:06:12  20   explain the GPS cross motion that was filed in the recent --
09:06:15  21           THE COURT:  Please, because that one's confusing.
09:06:17  22           MR. MALONEY:  First of all, I guess we have the
09:06:20  23   question of whether the original stay motion, based on the
09:06:23  24   Arizona case, is something that the defendants still want a
09:06:27  25   ruling on now that they have filed a second motion that's
```

Case: 1:08-cv-04028 Document #: 111 Filed: 06/08/11 Page 6 of 14 PageID #:814

6

```
09:06:30   1   asking for a stay for completely different reasons --
09:06:33   2              THE COURT:  Okay.
09:06:33   3              MR. MALONEY:  -- so maybe we can hear from [sic] that
09:06:35   4   today.
09:06:35   5              But essentially the cross motion that the plaintiffs
09:06:38   6   filed is proposing to the Court is an alternative case
09:06:42   7   management approach to this situation that's been created by
09:06:45   8   the defendants putting these two patents in reexamination.
09:06:48   9              Our basic position is this case should move forward
09:06:51  10   and their stay should be denied because the reexam will not
09:06:57  11   resolve all the issues in this case.  There are many patent
09:07:00  12   issues in this case that will not be resolved --
09:07:03  13              THE COURT:  Now, is the reexam on both '786 and
09:07:06  14   '5- -- what is the other one?
09:07:08  15              MR. MALONEY:  Yes, on both patents.
09:07:09  16              THE COURT:  '518, right?
09:07:10  17              MR. MALONEY:  They filed two separate reexams, one on
09:07:12  18   each of the two patents.
09:07:13  19              THE COURT:  Okay.
09:07:14  20              MR. MALONEY:  So our basic position, your Honor, is
09:07:16  21   that because the reexamination will only resolve a very narrow
09:07:20  22   issue in the patent case that's pending before you and because
09:07:23  23   it's likely to involve several years of delay, that this
09:07:27  24   patent infringement case should move forward as well as the
09:07:31  25   two state law claims that we have asserted for unfair
```

For a copy of this transcript, contact April Metzler, CRR
at (312) 408-5154

```
09:07:34   1   competition and slander of title.
09:07:36   2              THE COURT:  And why shouldn't it move forward in
09:07:38   3   Arizona?
09:07:39   4              MR. MALONEY:  The Arizona case involves some -- three
09:07:43   5   different patents that have nothing to do with this case.  The
09:07:45   6   only overlap is --
09:07:47   7              THE COURT:  Is the '786 patent.
09:07:48   8              MR. MALONEY:  -- is the '786 patent.
09:07:50   9              The -- our position in both Arizona and before this
09:07:54  10   Court is that the defendants did not have any declaratory
09:07:56  11   judgment jurisdiction to bring their claim under the '786
09:08:02  12   patent in Arizona.
09:08:03  13              That, by the way, your Honor, has been fully briefed
09:08:06  14   in Arizona.  We had a new judge assigned, and that resulted in
09:08:11  15   some additional delay, but we are scheduled for oral argument
09:08:16  16   December 23rd on our motion to dismiss the defendant's claim
09:08:19  17   relating to the '786 patent in Arizona.
09:08:22  18              So one thing --
09:08:23  19              THE COURT:  So I should keep it here?
09:08:25  20              MR. MALONEY:  Absolutely.
09:08:26  21              THE COURT:  Okay.  Even though they filed first
09:08:28  22   there?
09:08:28  23              MR. MALONEY:  They filed first there, but we don't
09:08:30  24   believe they had jurisdiction to do so.
09:08:32  25              THE COURT:  I see.
```

```
09:08:32   1        MR. MALONEY:  So we've moved to ask -- we've asked
09:08:34   2   the Arizona court to dismiss their claim in Arizona that
09:08:37   3   relates to the '786 patent.
09:08:39   4        THE COURT:  Okay.
09:08:40   5        MR. MALONEY:  And we are hopefully going to get a
09:08:43   6   ruling on that shortly after the oral argument in --
09:08:47   7   December 23rd it's presently scheduled.
09:08:49   8        THE COURT:  Oh, you're going to get an answer on
09:08:51   9   that?  I thought the judge had an oral argument scheduled.  So
09:08:54  10   that's -- usually you wouldn't get a ruling 'til after that.
09:08:56  11        MR. MALONEY:  Well, hopefully -- correct.  We don't
09:08:59  12   know when we'll get the decision.
09:09:01  13        THE COURT:  Okay.
09:09:01  14        MR. MALONEY:  But it is scheduled now for oral
09:09:03  15   argument December 23rd in Arizona.
09:09:04  16        THE COURT:  Okay.  A lucky day for you all, right?
09:09:07  17   Okay.  Who wants --
09:09:08  18        MR. MALONEY:  And so --
09:09:09  19        THE COURT:  Okay.  Go ahead.
09:09:10  20        MR. MALONEY:  -- we think that we have a good
09:09:11  21   dismissal motion there and that that claim is going to go
09:09:14  22   away, which would therefore eliminate the grounds of
09:09:17  23   defendant's first motion to stay this case.
09:09:19  24        THE COURT:  Okay.  Okay.
09:09:20  25        MR. MALONEY:  Okay.  Hopefully that helps you see the
```

```
09:09:23   1   big picture here.
09:09:24   2              In respect to the second motion to stay that relates
09:09:27   3   to the reexam requests, our basic position is that their stay
09:09:32   4   motion should be denied because the reexam will only resolve a
09:09:36   5   very small portion of this case.  It will not resolve the
09:09:41   6   infringement issues, other validity issues, our state law
09:09:44   7   claims for unfair competition, damages, and a number of other
09:09:50   8   issues.  And we would be quite pleased with a ruling that
09:09:53   9   simply denies their stay motion.
09:09:54  10              However, we filed this cross motion to give the Court
09:09:59  11   perhaps another idea on the case management approach to this
09:10:02  12   situation, which we essentially say:  If your Honor does
09:10:05  13   believe that there is some reason to have the Patent Office
09:10:09  14   decide the narrow issues of invalidity that have been raised
09:10:14  15   in the reexam, then instead of staying this entire case, we
09:10:19  16   ask the Court to consider letting this case move forward but
09:10:22  17   simply dismissing without prejudice the defendants'
09:10:27  18   overlapping invalidity counterclaims in this case, essentially
09:10:32  19   allowing us to move forward with our infringement and our
09:10:36  20   damages case and the state law claims, and leave for another
09:10:40  21   day the issues of invalidity that the Patent Office is
09:10:43  22   addressing.  And so that's the reason we filed the cross
09:10:47  23   motion.
09:10:48  24              THE COURT:  Okay.
09:10:48  25              MR. MALONEY:  And it is clearly closely related to
```

| | | |
|---|---|---|
| 09:10:51 | 1 | our opposition to their second stay motion. |
| 09:10:56 | 2 | THE COURT: Okay. Who wants to go first? |
| 09:10:58 | 3 | MS. McGARRY: Your Honor, we would obviously like a |
| 09:11:00 | 4 | briefing schedule for the cross motion that just came in. We |
| 09:11:03 | 5 | have a brief due -- our reply on the reexamination stay |
| 09:11:07 | 6 | motion, I believe, is due -- |
| 09:11:08 | 7 | THE COURT: December -- |
| 09:11:09 | 8 | MS. McGARRY: -- the 2nd, so then we'd also like some |
| 09:11:13 | 9 | sort of briefing schedule for the cross motion that they just |
| 09:11:15 | 10 | put in. |
| 09:11:16 | 11 | THE COURT: Okay. It's two weeks and one week is the |
| 09:11:18 | 12 | standard briefing schedule, so two weeks from today for a |
| 09:11:23 | 13 | response and one week reply for that. |
| 09:11:25 | 14 | MS. McGARRY: Okay. The next point he brought up, |
| 09:11:30 | 15 | yes, both our stay motions are still pending and, yes, we |
| 09:11:33 | 16 | would like rulings on both of them. They are on different |
| 09:11:37 | 17 | bases that we're asking to stay this proceeding. |
| 09:11:39 | 18 | THE COURT: Now, what is the jurisdictional link that |
| 09:11:42 | 19 | you believe you have the jurisdiction in Arizona that keeps |
| 09:11:44 | 20 | you there? |
| 09:11:44 | 21 | MS. McGARRY: I am not an Arizona counsel. I'm |
| 09:11:46 | 22 | sorry. I don't know. We can probably put that in our reply |
| 09:11:49 | 23 | and help you out there. |
| 09:11:51 | 24 | THE COURT: Well, it's probably in your -- someplace. |
| 09:11:54 | 25 | It's probably in one of these that came in in the last few |

days.

MS. McGARRY: I'm local counsel in Chicago, so --

THE COURT: All right. Do you want to chime in on that issue?

MS. EGGERT: No.

THE COURT: Jurisdiction, ah.

MR. MALONEY: Of course, I'd be happy to give you our perspective, your Honor, but I doubt you want additional briefs. We obviously could give you the briefs --

THE COURT: Well, your position is they didn't have the right to bring the declaratory judgment motion in the Arizona court based upon Arizona law, right?

MR. MALONEY: Based upon Federal Circuit law that requires there be some threat before an accused infringer has a right to bring a declaratory judgment for noninfringement or invalidity in Federal Court. Our position is there was no such threat made and, therefore, there's no jurisdiction.

THE COURT: Okay. All right. And then the second motion has to do with sending these two off for reexam, right?

(No response.)

THE COURT: Your second motion --

MS. McGARRY: Yes. We're asking to stay in view of the pending reexamination completing in the Patent Office.

THE COURT: Okay. And what's left if those are stayed, only the state law claims?

```
09:13:00   1              MS. McGARRY:  That's what I see it as, which I
09:13:02   2   believe from reading everything and what I understand is the
09:13:05   3   state law claim is unfair competition and slander, which I
09:13:08   4   believe turns on the infringement and invalidity of the
09:13:11   5   patents, so they're all related.
09:13:12   6              THE COURT:  Okay.  Well, I will sort through all of
09:13:15   7   this, but I won't have everything fully briefed for another
09:13:19   8   three weeks now, so right around the holiday break is when
09:13:23   9   I'll be getting everything, so you'll probably -- I'll bring
09:13:27  10   you back in at the end of January.
09:13:29  11              Okay.  So let me see you the last Thursday of
09:13:33  12   January, Jan, at 9:00 a.m. for a status.
09:13:36  13              THE CLERK:  January 29.
09:13:40  14              THE COURT:  And this is our golfcart screens, right?
09:13:43  15              MS. McGARRY:  Yes, it is, your Honor.
09:13:44  16              MR. MALONEY:  Yes, it is, your Honor.
09:13:45  17              THE COURT:  So I remember which one I am working on.
09:13:47  18              Wouldn't golfcart screens be better addressed in a
09:13:51  19   golfcart state like Arizona?
09:13:53  20              (Laughter.)
09:13:53  21              MS. McGARRY:  Absolutely.
09:13:53  22              MR. MALONEY:  There's plenty of great golf courses
09:13:56  23   in --
09:13:56  24              THE COURT:  Not a preview of coming attractions.
09:13:59  25   Just a little joke.  All right.
```

For a copy of this transcript, contact April Metzler, CRR
at (312) 408-5154

| | | |
|---|---|---|
| 09:14:00 | 1 | MR. MALONEY: Your Honor, could I ask for clarity on |
| 09:14:02 | 2 | an issue that relates to all of this, and that's the fact that |
| 09:14:05 | 3 | we filed this case in July. We have had a meet and confer on |
| 09:14:08 | 4 | discovery and we have submitted a Rule 26(f) report. You have |
| 09:14:12 | 5 | put that off calendar, because of all of these motions, and |
| 09:14:15 | 6 | the net effect is this case is not going anywhere. We would |
| 09:14:19 | 7 | love to move forward -- |
| 09:14:19 | 8 | THE COURT: Hey, the case is not going anywhere |
| 09:14:22 | 9 | because you all cannot stop filing things. I would be happy |
| 09:14:25 | 10 | to get you on schedule if I know you're going to stay here. |
| 09:14:28 | 11 | But until I know you're going to stay here -- and right now I |
| 09:14:31 | 12 | still don't know you're going to stay here for three more |
| 09:14:35 | 13 | weeks because you're still not going to be done filing, so it |
| 09:14:36 | 14 | has nothing to do with the Court putting you off. |
| 09:14:37 | 15 | I'll give you a schedule in January. You're not |
| 09:14:40 | 16 | going to get any other schedule until we make a determination |
| 09:14:43 | 17 | if you belong here. Okay. |
| 09:14:44 | 18 | MR. MALONEY: Very well, your Honor. |
| 09:14:46 | 19 | THE COURT: Thank you. |
| 09:14:46 | 20 | MS. McGARRY: Thank you, your Honor. Have a happy |
| 09:14:48 | 21 | Thanksgiving. |
| 09:14:48 | 22 | THE COURT: You too. |
| | 23 | (Concluded at 9:14 a.m.) |
| | 24 | - - - |
| | 25 | |

```
 1
 2
 3
 4
 5                    C E R T I F I C A T E
 6
 7      I certify that the foregoing is a correct transcript from
 8   the record of proceedings in the above-entitled matter.
 9
10   /s/April M. Metzler, RPR, CRR         November 25, 2008
11   April M. Metzler, RPR, CRR            Date
12   Official Federal Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25
```

For a copy of this transcript, contact April Metzler, CRR
at (312) 408-5154